# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE CRAINE,**
           **Plaintiff,**

**-vs-**                                      **Case No. 6:07-cv-1615-Orl-28GJK**

**CENTRAL FLORIDA NEUROLOGY, P.A.,**
**DR. NAJEEB ZUBERI,**
           **Defendants.**
_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 13)** |
| **FILED:** | **March 14, 2008** |
| | **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**. |

### I.    BACKGROUND

    Plaintiff Catherine Craine ('Plaintiff") seeks to hold Defendants Central Florida Neurology, P.A. ("CFN") and Dr. Najeeb Zuberi ("Zuberi") (collectively, the "Defendants") liable for unpaid and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, et. seq. Doc. No. 1 ("Complaint"). Plaintiff states in her Complaint that Defendants operate a physicians' practice in Kissimmee, Florida, and Plaintiff was an employee of Defendants. *Id.*, ¶¶ 5, 6. Plaintiff states that Zuberi "at all times material hereto was acting directly or indirectly in the interest of [CFN]

in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the employee's work and is a statutory employer . . ." *Id.*, ¶ 8.

In Count I of Plaintiff's Complaint, she alleges Defendants "repeatedly and willfully" failed to provide her overtime compensation. Doc. No. 1, ¶ 12. Count II of Plaintiff's Complaint alleges that the Defendants failed to compensate her with minimum wage, thus violating the FLSA. *Id.*, ¶ 14. In Count III of the Complaint, Plaintiff alleges that Defendants willfully violated COBRA by failing to inform Plaintiff of her continued coverage under COBRA following her termination. *Id.*, ¶ 16. Plaintiff claims to have suffered a loss of $617.38 in medical expenses, and states that she is entitled to recover damages in the amount of $100.00 per day from the date of Defendants' "willful and malicious" violation of COBRA, which totals $24,200.00.[1] Doc. No. 13 at 7; 13-2, ¶ 13.  Defendants did not answer or respond to Plaintiff's Complaint. Therefore, Defendants have effectively admitted all well-pled allegations raised in the Complaint.

Plaintiff was employed by CFN from March, 2006 to June 15, 2007. Doc. No. 13-2, ¶ 1.  CFN paid Plaintiff a weekly salary of eight hundred seventy-five dollars ($875.00). *Id.*, ¶ 4.  During the time Defendant employed Plaintiff, Defendant did not pay Plaintiff over-time at one and one-half times her regular rate for hours worked.  Plaintiff worked thirty (30) hours of overtime each week for twenty-four weeks and claims that CFN owes her $4,500.00 in unpaid overtime compensation and liquidated damages. *Id.*, ¶¶ 6-8.  Plaintiff states she is owed $6.25 for each hour of overtime worked (arrived at by dividing her salary of $875.00 by the hours worked (70), and then dividing that amount in half for the overtime rate). *Id.* Plaintiff multiplied the overtime rate by the total hours of overtime

---

[1] Plaintiff states in her Complaint that she has suffered a loss of $617.31 in medical expenses. For the purposes of this Report and Recommendation, the Court considers Plaintiff's pending Motion and attached affidavit as the loss suffered for medical expenses. *See* Doc. No. 1., ¶¶ 16, 17.

worked ($6.25 x 720 hours) to arrive at the total amount owed.

Plaintiff also states in her affidavit that she received no compensation from Defendants for the hours worked from June 3, 2007 to June 15, 2007. Doc. No. 13-2, ¶ 9. Plaintiff states she is owed $412.00 ($5.15 minimum wage x 80 hours worked). *Id.*, ¶ 10.

Finally, Plaintiff states that she is owed $100.00 per day from the date the Defendants violated COBRA, which was 242 days ago, July 16, 2007 (the day following her termination). *Id.* In Count III of her Complaint, Plaintiff states that she is owed a total of $24,200.00. *Id.*, ¶ 14. Plaintiff further claims that she suffered a loss of $617.38 in medical expenses because Defendants did not provide notice that her COBRA coverage continued after her termination.

On March 14, 2008, Plaintiff filed a Motion for Entry of Final Default Judgment (the "Motion"). Doc. No. 13. The Motion is now before the Court. Having considered the Motion, it is recommended that the Motion be granted.

## II.     THE LAW

### A.     Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] The mere

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for judgment to be entered. *Nishimatsu*, 515 F.2d at 1206.  A default judgment cannot stand on a complaint that fails to state a claim.  *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (*citing Nishimatsu*, 515 F.2d at 1206).  The Court must find that there is a sufficient basis in the pleadings for the judgment to be entered.  *Nishimatsu*, 515 F.2d at 1206.  Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. <u>The court may conduct hearings</u> or make referrals–preserving any federal statutory right to a jury trial–<u>when, to enter</u> or effectuate <u>judgment</u> , <u>it needs to</u>:
> A) conduct an accounting;
> B) <u>determine the amount of damages</u>;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added). Thus, the Court may hold a hearing on the basis of damages before entering a final judgment awarding money damages.

### B.    FLSA

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . ." 29 U.S.C. § 216(b).  Under 29 U.S.C. § 216(b), employers who violate 29 U.S.C. § 207 are liable to the employee affected in the amount of their unpaid overtime compensation, an equal amount of liquidated damages, reasonable attorney's fees, and costs

of the action.

### C. COBRA

The employer shall notify an employee of his or her right to receive a continuation of coverage upon the termination of the covered employee's employment. *See* 29 U.S.C. §§ 1166(a)(4)(A), 1163(2). The employer has the obligation of informing the terminated employee of the right, so the employee can determine whether to elect COBRA coverage. *Scott v. Suncoast Beverage Sales Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002). "At the time of an employee's termination, the employer must notify the plan's administrator within thirty days of the event. 29 U.S.C. § 1166(a)(2). In turn, the plan's administrator is required to notify the former employee within fourteen days of her right to elect COBRA coverage." 29 U.S.C. § 1166(a)(4); *Doss-Clark v. Babies and Beyond Pediatrics, P.A.*, 2007 WL 1577770, *5 (M.D. Fla. 2007). Therefore, the employer has forty-four days to provide the terminated employee with an election notice.

"Where COBRA violations have resulted in the loss of insurance coverage, courts have interpreted ERISA's civil enforcement statute as entitling qualified beneficiaries to compensatory damages in an amount equal to medical expenses minus deductibles and premiums." *Id.* (*citing Fisher v. Trutech, Inc.,* 2006 WL 3791977, *3 (M.D. Ga. 2006); *Linden v. Harding Tube Corp.,* 2005 WL 2397033, *4 (E.D. Mich. 2005); *Vargas v. Child. Dev. Council of Franklin County,* 269 F.Supp.2d 954, 957 (S.D. Ohio 2003); *Hamilton v. Mecca, Inc.,* 930 F.Supp. 1540, 1555 (S.D. Ga. 1996)). "Any administrator who fails to satisfy COBRA's notice provisions may, in the court's discretion, be personally liable to the aggrieved participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal." *Id.*; 29 U.S.C. § 1132(c)(1); *Scott,* 295 F.3d at 1231-32 (standard of review on appeal is abuse of discretion). "The penalty under Section 1132 is meant to be in the

nature of punitive damages, designed more for the purpose of punishing the violator than compensating the participant or beneficiary." *Scott*, 295 F.3d at 1232. Prejudice to the Plaintiff and bad faith by CFN are significant factors in evaluating a penalty. *Id.*

## II.   ANALYSIS

Having fully considered the record, there is a sufficient basis in the pleadings for the judgment to be entered against the Defendants. As to Count I, Plaintiff confirmed by affidavit that during her employment by Defendants, she worked in excess of 40 hours a week and was never paid more than her regular weekly salary of eight hundred seventy-five dollars. Specifically, Plaintiff worked 720 overtime hours. Doc. No. 26-2. Accordingly, Plaintiff is entitled to recover unpaid overtime compensation in the amount of $4,500.00 and liquidated damages. *Id.*, ¶¶ 6-8. The Court calculates the amount of unpaid overtime compensation by multiplying 720 hours (the number of overtime hours Plaintiff worked) by $6.25 (one-half times Plaintiff's hourly rate), for a total of $4,500.00. Plaintiff is also entitled to liquidated damages in the amount of $4,500.00. 29 U.S.C. § 216(b). Plaintiff is also entitled to recover attorneys' fees as to Count I. *Id.*

As to Count II, Plaintiff did not receive compensation from Defendants for the hours worked from June 3, 2007 to June 15, 2007. Doc. No. 13-2, ¶ 9. Therefore, Plaintiff is owed minimum wages of $412.00 ($5.15 minimum wage x 80 hours worked) plus liquidated damages of $412.00. *Id.*, ¶ 10; 29 U.S.C. § 216(b). Plaintiff is also entitled to recover attorneys' fees as to Count II. *Id.*

As to Count III, Defendant CFN was responsible for notifying Plaintiff of her right to receive continuation of medical insurance coverage. *See* 29 U.S.C. §§ 1166(a)(4)(A), 1163(2). CFN was obliged to sufficiently apprise the Plaintiff so she could make an informed decision whether to elect COBRA coverage. *Scott,* 295 F.3d at 1230. CFN had forty-four days to provide the Plaintiff with an

election notice, which it failed to do. *See Doss-Clark*, 2007 WL 1577770 at *5. Thus, Plaintiff is entitled to the loss suffered from medical expenses and is entitled to recover $617.38. Doc. Nos. 13 at 7; 13-2, ¶ 13.

Prejudice to the Plaintiff and bad faith by CFN are significant factors in evaluating a penalty. *Scott*, 295 F.3d at 1232. Because Plaintiff has suffered a loss due to medical expenses, Plaintiff has sufficiently established that she was prejudiced by Defendants failure to provide notice of coverage. However, Plaintiff has not shown that CFN's failure to comply with the COBRA provisions was done in bad faith. Accordingly, the Court recommends that the $100.00 per day fine be reduced to $50.00 per day, which would be a fine of $12,100.00 in addition to the $617.38 suffered in losses for medical expenses, totaling $12,717.38.

Pursuant to 29 U.S.C. §216(b), Plaintiff is also entitled to recover attorney's fees and costs associated with the collection of his unpaid overtime compensation. Plaintiff seeks to recover $3,186.00 in attorney's fees and costs. Having reviewed the supporting documentation (Doc. No. 13-3 – 13-5), the Court determines that counsel's rates are reasonable, and that counsel worked the requested hours in this case.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion (Doc. No. 13) against Defendants be **GRANTED**.

It is **FURTHER RECOMMENDED** that Plaintiff be awarded $4,500.00 in unpaid overtime compensation, $4,500.00 in liquidated damages, $412.00 for unpaid minimum wage, $412.00 in liquidated damages, $12,717.38 for violating COBRA, and $3,186.00 in attorney's fees and costs, for a total amount of $25,727.38 against Defendants.

It is **FURTHER ORDERED** that the Clerk of Court shall serve copies, by registered mail, of

this Report and Recommendation and Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 13) to: Central Florida Neurology, P.A., 506 W. Cherry Street, Kissimmee, Florida 34741; and Dr. Najeeb Zuberi, 506 W. Cherry Street, Kissimmee, Florida 34741.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 15, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies Furnished to:

The Honorable John Antoon II
Unrepresented parties