UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHERINE CRAINE,

        Plaintiff,

-vs-                                        Case No. 6:07-cv-1615-Orl-28UAM

CENTRAL FLORIDA NEUROLOGY, P.A.,
DR. NAJEEB ZUBERI,

        Defendants.
_____

## ORDER

This case is before the Court on Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 13) filed March 14, 2008. The United States Magistrate Judge has submitted a report recommending that the motion be granted.

After an independent *de novo* review of the record in this matter, and consideration of the Defendants' objection to the Report and Recommendation (Doc. No. 17) and Plaintiff's response thereto (Doc. 18), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Defendants argue in their objection that they served their *pro se* Answer on Counsel for the Plaintiff and mailed a copy of the Answer to the Clerk of the Court, that was "inexplicably" not received by the Clerk (Doc. 17, page 2, ¶ 7). On May 30, 2008, this Court entered an Order (Doc. 16) striking Defendants' first objection to the Report and Recommendation (Doc. 15), based, *inter alia*, on Defendants' erroneous argument that Plaintiff misrepresented to the Court that Defendants had not filed their Answer. This

argument was erroneous because Defendants had not filed their Answer at that time. The Court further pointed out in its May 30, 2008 Order that the "Answer" mailed to the Plaintiff was only on behalf of the individual Defendant and not the corporate Defendant. Defendants have still failed, even in light of this Court's May 30, 2008 Order, to file their Answer or to move to set aside the Clerk's default, although Defendants assert in their objection that a motion to set aside the default was being filed (Doc. 17, page 2, ¶ 6).

In the event Defendants believe the objection contains their motion to set aside default ("being filed by Defendants herein," id.), the Court finds it to be lacking both as a motion to set aside and in showing good cause sufficient to set aside the default. First, Defendants fail to cite any applicable Rule or legal authority supporting their request to set aside the default entered against them on January 24, 2008 (Doc. 10). Second, Defendants fail to show good cause for setting aside the default. Defendants fail to explain why, after being advised by Plaintiff's Counsel on October 30, 2007 that they were in default and to seek counsel, and after receiving Plaintiff's Motion for Default (mailed January 23, 2008) and Motion for Default Judgment (mailed March 14, 2008), they did not take any action. Defendants argue they hired attorney Kelly Green to represent them in this matter and believed she was protecting their interests, (Doc. 17, page 2, ¶ 6), yet fail to provide an affidavit from Kelly Green to substantiate these allegations. Absent a good reason from the defaulting party, the Court cannot set aside the entry of default. African Methodist Episcopal Church, Inc. v. Ward, 185 F. 3d 1201, 1202-1203 (11th Cir. 1999). Here, not only is there no good reason offered, Defendants have not filed their Answer, nor filed an appropriate motion to set aside the default.

Therefore, it is **ORDERED** as follows:

1. That the Report and Recommendation filed May 15, 2008 (Doc. No. 14) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 13) is **GRANTED.**

3. Plaintiff is awarded $4,500.00 in unpaid overtime compensation, $4,500.00 in liquidated damages, $412.00 for unpaid minimum wage, $412.00 in liquidated damages, $12,717.38 for violating COBRA, and $3,186.00 in attorney's fees and costs, for a total amount of $25,727.38.

4. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, and to thereafter close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __20__ day of June, 2008.

                                             JOHN ANTOON II
                                             United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party