# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CATHERINE CRAINE,**
                Plaintiff,

-vs-                                                  Case No. 6:07-cv-1615-Orl-28GJK

**CENTRAL FLORIDA NEUROLOGY, P.A.,**
**DR. NAJEEB ZUBERI,**
                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **CENTRAL FLORIDA NEUROLOGY'S MOTION FOR RELIEF FROM JUDGMENT (Doc. No. 25)** |
| **FILED:** | November 12, 2008 |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **NAJEEB ZUBERI'S MOTION FOR RELIEF FROM JUDGMENT (Doc. No. 26)** |
| **FILED:** | November 12, 2008 |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(b), FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 27)** |
| **FILED:** | November 12, 2008 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO STAY PROCEEDINGS TO ENFORCE A JUDGMENT (Doc. No. 28)** |
| **FILED:** | November 12, 2008 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER AGAINST PLAINTIFF'S REQUEST FOR ENTRY OF PROPERTY (Doc. No. 45)** |
| **FILED:** | January 22, 2009 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR WRIT OF EXECUTION AFTER JUDGMENT AGAINST DEFENDANT, NAJEEB ZUBERI WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 47)** |
| **FILED:** | January 28, 2009 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**.

> **MOTION:** PLAINTIFF'S MOTION FOR SANCTIONS WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 48)
>
> **FILED:** February 6, 2009
> ___
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED in part and DENIED in part**.

> **MOTION:** PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT AFTER JUDGMENT AGAINST DEFENDANT, CENTRAL FLORIDA NEUROLOGY, P.A. WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 50)
>
> **FILED:** February 23, 2009
> ___
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**.

## I. BACKGROUND

On October 10, 2007, Plaintiff Catherine Craine ("Plaintiff") initiated this action against Defendants Central Florida Neurology, P.A. ("CFN") and Dr. Najeeb Zuberi ("Zuberi") (collectively, the "Defendants") seeking to hold them liable for unpaid and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, et. seq. Doc. No. 1 ("Complaint"). Following Defendants' failure to respond to the Complaint, a motion for entry of Clerk's default, and a motion for the entry of final default judgment, on May 15, 2008, the undersigned entered a Report and Recommendation to the Honorable John Antoon II recommending that a final default judgment be entered against the Defendants. Doc. Nos. 1, 7,

13, 14.

On May 27, 2008, Defendants filed an objection to the Report and Recommendation which was stricken *sua sponte* by Judge Antoon. Doc. Nos. 15, 16. On June 2, 2008, Defendants filed a second objection to the Report and Recommendation, and Plaintiff responded in opposition. Doc. No. 17. On June 20, 2008, Judge Antoon entered an Order adopting the undersigned's Report and Recommendation, and Judgment ("Judgment") was entered in favor of Plaintiff against Defendants in the total amount of $25,727.38. Doc. Nos. 21, 22. On August 26, 2008, Plaintiff filed a motion to enforce the Judgment by requiring the Defendants to complete a fact information sheet. Doc. No. 23. On September 11, 2008, the undersigned granted Plaintiff's motion to enforce Judgment (herein, the "September 2008 Order"). Doc. No. 24.

A.  **Defendants' Motions for Relief and Motion for Stay**

On November 12, 2008, Defendants each filed a Motion for Relief from Judgment (collectively, the "Motions for Relief"). Doc. Nos. 25, 26.[1] Defendants maintain that relief from Judgment is warranted under Rule 60(b), Federal Rules of Civil Procedure, due to the following:

1. Defendants' original counsel, Kelley Green, Esq., notified them "months later" following her retention that she was not a member of the Federal Bar;

2. Defendants' second counsel, Robert Reynolds, Esq. did not properly answer the Complaint or move to set aside the Default Judgment;

3. Defendants have a meritorious defense "of fraud and other defenses under the Fair Standards and Labor Act" [sic];

4. Plaintiff would not be unduly prejudiced; and

5. Defense counsel "misrepresented to the Court that no answer had been filed, despite a

---
[1] The Motions for Relief are virtually identical.

letter sent to Defense Counsel on October 18, 2007."[2]

Doc. No. 25 at 2. On that same day, Defendants filed a Motion to Stay Proceedings to Enforce a Judgment ("Motion to Stay"). Doc. No. 28. The Motion to Stay requests a stay as to the execution of the Judgment "until such time as Defendants have had the opportunity to exhaust all remedies with the trial and Appellate Courts in accordance with the Federal Rules of Civil Procedure." *Id.*

On November 17, 2008, Plaintiff filed a consolidated response ("Response I") to the Motions for Relief and the Motion for Stay. Doc. No. 33. First, Plaintiff argues that the inefficiency of counsel is not sufficient to necessitate relief from judgment. *Id.* at 4-6. Second, Plaintiff maintains that the Defendants failed to demonstrate they have a meritorious defense that could have affected the outcome of the case. *Id.* at 7. Finally, Plaintiff argues that Defendants failed to demonstrate that granting the requested relief would not prejudice the Plaintiff. *Id.* at 9. Accordingly, Plaintiff maintains that the Motions for Judgment and the Motion for Stay should be denied.

   B.   **Plaintiff's Motion for Sanctions**[3]

On November 12, 2008, Plaintiff filed a Motion for Sanctions ("Motion for Sanctions") against the Defendants for their failure to comply with the September 2008 Order. Doc. No. 27. Plaintiff requests the Court find Defendants in contempt of this Court's September 2008 Order, compel the Defendants to answer the Fact Information Sheet, sanction the Defendants $500.00 as a reasonable attorney's fee, and award Plaintiff reasonable attorneys fees and costs for filing the Motion for Sanctions. *Id.*

---

[2] No answer was filed with the Court in response to the Complaint.
[3] Plaintiff has since filed a second Motion for Sanctions (Doc. No. 50) which will also be addressed in this Order.

On November 18, 2008, Defendants responded in opposition ("Response II") to Plaintiff's Motion for Sanctions. Doc. No. 34. Defendants argue "it would be premature to grant a motion for sanctions for failure to comply with a discovery request when Defendant[s] still ha[ve] pending motions regarding the Final Judgment before the Court." *Id.* On January 19, 2009, after granted leave, Plaintiff filed a reply to Defendants' Response II which restates the arguments contained in Plaintiff's Motion for Sanctions. Doc. No. 19.

### C. Defendants' Motion for Protective Order

On January 22, 2009, Defendants filed a Motion for Protective Order ("Motion for Protective Order") requesting that the Court enter an order preventing Plaintiff from entering onto Defendants' property to enforce the Judgment. Doc. No. 45. Defendants argue that Plaintiff's attempt to enter Defendants' property is premature due to the pending Motions for Relief. *Id.* On January 23, 2009, Plaintiff responded in opposition ("Response III") to the Motion for Protective Order. Doc. No. 46. Plaintiff argues that the Defendants have not established good cause to necessitate the entry of a protective order. *Id.*

### D. Plaintiff's Motion for Writ of Execution

On January 28, 2009, Plaintiff filed a Motion for Writ of Execution after Judgment ("Motion for Writ I"). Doc. No. 47. Plaintiff requests that the Court direct the Clerk of Court to issue a Writ of Execution as follows:

> YOU ARE COMMANDED to levy upon the property of NAJEEB ZUBERI subject to execution of a 1) 2007 Ferrari Coupe (VIN ZFFFC60A270150846); 2) 2007 Aston Martin DB9 (VIN SCFAD02A07GB08882); 3) 2008 BMW M3 Coupe (VIN WBSWD935X8PY41409); 4) 2008 General Motors Cargo Van Wagon (VIN IGDFG154681127022); and 5) all property subject to execution in the sum of $25,727.38 with interest at 11% a year from January 28, 2009 until paid and to have this writ before the court when satisfied.

Doc. No. 47-2. Plaintiff also requests an award of attorney's fees and costs. The Defendants have not filed a response to the Motion for Writ I.

### E. Plaintiff's Motion for Writ of Garnishment

On February 23, 2009, Plaintiff filed a Motion for Writ of Garnishment after Judgment ("Motion for Writ II") against Central Florida Neurology, P.A.. Doc. No. 50. The Defendants have not filed a response to the Motion for Writ II.

## II. THE LAW

Under Federal Rules of Civil Procedure 60(b)(1), the Court may set aside its orders on the basis of "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60(b)(6), the Court may set aside its order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6) (2007).[4] Such motions shall be made "within a reasonable time," and under Rule 60(b)(1), motions must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Rule 60(b)(1) and 60(b)(6) are mutually exclusive. *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). "Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Id.*

To establish mistake, inadvertence or excusable neglect under Rule 60(b)(1), a defaulting party must establish: 1) it had a meritorious defense that might have affected the outcome; 2) granting the motion would not result in prejudice to the non-defaulting party; **and** 3) a good reason existed for failing to reply to the complaint. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). If the movant establish each of these elements, "courts are normally liberal in setting aside or vacating default judgments." *AT&T Intellectual Property II, L.P. v.*

---
[4] Defendants do not specify which subsection of Rule 60(b) they seek to apply, nor do they set forth the language of the Rule in their Motions for Relief.

*Puro*, 2008 WL 4511023 (M.D. Fla. Oct. 7, 2008) (quoting *Ins. Co. of N. Amer. v. Morrison*, 156 F.R.D. 269, 271 (M.D. Fla. 1994)). "However, appellant cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order." *Sollaroll*, 803 F.3d at 1132 (citing *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)).[5] "[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." *Id*.

Rule 62, Federal Rules of Civil Procedure, provides: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment . . . pending disposition of . . . [a motion] for relief from a judgment or order." Fed. R. Civ. P. 62(b). Rule 62(d) states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after the order allowing the appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). *See, e.g., U.S. v. Dornbrock*, Case No. 06-61669-CIV, 2008 WL 4927013, *1 (S.D. Fla. Nov. 17, 2008) (Court denied motion to stay execution because "Defendants have not provided any objective reasoning why the Court should waive the requirement of posting a supersedeas bond.").

Federal Rule of Civil Procedure 64 provides for the seizing of a person or property in satisfaction of a judgment. Fed. R. Civ. P. 64. Remedies available under Rule 64 include garnishment. *Id*.

---

[5] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

## II. ANALYSIS

### A. Defendants' Motions for Relief and Motion for Stay

Defendants' basis for relief from Judgment relies on the negligence of their prior two attorneys. As set forth above, the Eleventh Circuit has held that attorney error does not constitute excusable neglect. Furthermore, Defendants have failed to establish a meritorious defense. Rather, Defendants merely state they have a meritorious defense, which is insufficient. They do not attach an affidavit or other evidentiary support for such statement. Accordingly, it is **RECOMMENDED** that Defendants' Motions for Relief from Judgment (Doc. Nos. 25-26) be **DENIED**.

Defendants also seek a stay of execution until they have the opportunity to exhaust their appellate remedies. However, Defendants do not indicate whether they could or intend to post a supersedeas bond which would result in an automatic stay. Thus, it is **RECOMMENDED** that Defendants' Motion to Stay be **DENIED**.

### B. Plaintiff's Motions for Sanctions

Plaintiff has filed two Motions for Sanctions (Doc. Nos. 27 and 48) which seek sanctions against Defendants for failing to comply with post-judgment discovery. In response to these Motions for Sanctions, Defendants maintain that they have not responded to the post-judgment discovery pending a ruling on the Motions for Relief. Accordingly, it is **RECOMMENDED** that Plaintiff's Motions for Sanctions be **GRANTED in part** and **DENIED in part**. The undersigned recommends that they no sanctions be imposed against Defendants at this juncture. However, the Defendants should be ordered to respond to Plaintiff's post-judgment discovery within eleven days from the date of disposal of this Report and Recommendation.

### C. Defendants' Motion for Protective Order

As previously stated, Defendants sought a protective order against the Plaintiff to prevent Plaintiff from making attempts to satisfy the judgment pending a ruling on the Motions for Relief. Doc. No. 45. As set forth above, the Court recommends that the Motions for Relief be denied. Accordingly, for the reasons set forth above, it is recommended that Defendants' Motion for Protective Order be **DENIED**.

### D. Plaintiff's Motion for Writ of Execution and for Writ of Garnishment

As previously discussed, Plaintiff has filed a Motion for Writ of Execution (Doc. No. 47) and a Motion for Writ of Garnishment (Doc. No. 50). Defendants have not filed a response to either motion. Thus, in accord with the Federal Rules of Civil Procedure, it is **RECOMMENDED** that Plaintiff's Motion for Writ of Execution and for Writ of Garnishment (Doc. Nos. 47 and 50) be **GRANTED** to allow Plaintiff to enforce the Judgment entered against the Defendants.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within eleven (11) days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on March 3, 2009.

/s/ Gregory J. Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable John Antoon II
Unrepresented parties