# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CATHERINE CRAINE,
      Plaintiff,

-vs-              Case No. 6:07-cv-1615-Orl-28GJK

CENTRAL FLORIDA NEUROLOGY, P.A.,
DR. NAJEEB ZUBERI,
      Defendants.
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

  This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT, DR. NAJEEB ZUBERI, PURSUANT TO RULE 37(d), FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 52)** |
| **FILED:** | March 10, 2009 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED** as unopposed.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR POST JUDGMENT ATTORNEY'S FEES AND COSTS (Doc. No. 56)** |
| **FILED:** | April 2, 2009 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED** as unopposed.

> **MOTION:** PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH ORDERS OF THIS COURT WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 61)
>
> **FILED:** April 23, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED** as unopposed.

On October 10, 2007, Plaintiff Catherine Craine ("Plaintiff") initiated this action against Defendants Central Florida Neurology, P.A. ("CFN") and Dr. Najeeb Zuberi ("Zuberi") (collectively, the "Defendants") seeking to hold them liable for unpaid and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, et. seq. Doc. No. 1 ("Complaint"). Following Defendants' failure to respond to the Complaint, a motion for entry of Clerk's default, and a motion for the entry of final default judgment, on May 15, 2008, the undersigned entered a Report and Recommendation to the Honorable John Antoon II, recommending that a final default judgment be entered against the Defendants. Doc. Nos. 1, 7, 13, 14.

On May 27, 2008, Defendants filed an objection to the Report and Recommendation which was stricken *sua sponte* by Judge Antoon. Doc. Nos. 15, 16. On June 2, 2008, Defendants filed a second objection to the Report and Recommendation, and Plaintiff responded in opposition. Doc. No. 17. On June 20, 2008, Judge Antoon entered an Order adopting the undersigned's Report and Recommendation, and Judgment ("Judgment") was entered in favor of Plaintiff against Defendants in the amount of $25,727.38. Doc. Nos. 21, 22. On August 26,

2008, Plaintiff filed a motion to enforce the Judgment by requiring the Defendants to complete a fact information sheet. Doc. No. 23. On September 11, 2008, the undersigned granted Plaintiff's motion to enforce Judgment. Doc. No. 24. Thereafter, Defendants sought relief from judgment, which was denied. Doc. Nos. 25, 26, 51, 53. Since then, Plaintiff has taken steps to execute the Judgment.

### A. Plaintiff's Motion for Sanctions

On March 10, 2009, Plaintiff filed a Motion for Sanctions against Defendant, Dr. Najeeb Zuberi ("Dr. Zuberi"), pursuant to Rule 37(d), Federal Rules of Civil Procedure ("Motion for Sanctions"). Doc. No. 52. Plaintiff maintains that she noticed the deposition of Dr. Zuberi to be taken in aid of execution on February 27, 2009 at 1:00 p.m. *Id.* Defense counsel made an appearance, but Dr. Zuberi failed to attend. *Id.* at 2. Thus, Plaintiff seeks sanctions against Dr. Zuberi for his failure to appear for his deposition. *Id.* Plaintiff's Motion is unopposed.

### B. Plaintiff's Motion for Post Judgment Attorney's Fees and Costs

On April 2, 2009, Plaintiff filed a Motion for Post Judgment Attorney's Fees and Costs ("Motion for Fees"). Doc. No. 56. Plaintiff requests that the Court enter an order and subsequent judgment in favor of Plaintiff for attorney's fees and costs in the amount of $7,055.00 plus interest at the maximum rate allowed by law. *Id.* at 4. Plaintiff's counsel requests an hourly rate of $250.00 per hour for 28.1 hours of work perfecting Judgment. *Id.* at 2-3. Plaintiff attached to the Motion for Fees an affidavit of lead counsel, Scott C. Adams, Esq., verifying the hours performed post Judgment. Doc. No. 56-2. Plaintiff's Motion for Fees is unopposed.

### C. Plaintiff's Motion to Hold Defendants in Civil Contempt

On March 10, 2009, Plaintiff filed a Motion to Hold Defendants in Civil Contempt for

Failure to Comply with Orders of this Court ("Motion for Contempt"). Doc. No. 61. Plaintiff states that Defendants have yet to provide the Fact Information Sheet as ordered by this Court. *See* Doc. Nos. 24, 53. Thus, Plaintiff seeks to have the Court hold Defendants in civil contempt for violating its Orders. Plaintiff's Motion for Contempt is unopposed.

As set forth above, each of the Plaintiff's three Motions are unopposed by the Defendants. Accordingly, **it is RECOMMENDED** that

1. Plaintiff's Motion for Sanctions (Doc. No. 52) be **GRANTED** as unopposed;
2. Plaintiff's Motion for Fees (Doc. No. 56) be **GRANTED** as unopposed; and
3. Plaintiff's Motion for Contempt (Doc. No. 61) be **GRANTED** as unopposed.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten (10) days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on July 14, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable John Antoon II
Unrepresented parties